**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CHARLES WILLIAMS BEY,** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL NO. 3:CV-10-2597** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **PENNSYLVANIA BOARD OF** : | |
| **PROBATION AND PAROLE,** *et al.,* : | |
| : | |
| **Defendants** : | |

**M E M O R A N D U M**

**I.   Introduction**

On December 21, 2010, Charles Williams Bey, a state prisoner housed at the Coal Township State Correctional Institution (SCI-Coal Township) in Coal Township, Pennsylvania, filed the above captioned civil rights action alleging Defendants have presented him with the Hobson's choice of: (a) participating in a therapeutic treatment program which is abhorrent to his religious beliefs; or (b) not participating in the program and forgo maximizing his chances of parole.  Doc. 1, Compl.  Named as Defendants are: Catherine McVey, Chairperson of the Pennsylvania Board of Probation and Parole (PBPP); Jeffrey Beard, Secretary of the Pennsylvania Department of Corrections (DOC); Dorina Varner, DOC's Chief Grievance Officer; David Varano, SCI-Coal Township's Superintendent; Linda Chismar; Major Mike Miller; Ms. Pyar, a Parole Agent; and Mr. Vivian, SCI-Coal Township's "AOD Manager."  Mr. Williams Bey also names the Pennsylvania Department of Health,

Office of Drug and Alcohol Programs (DOH) as a Defendant because it funds the DOC's drug and alcohol treatment programs.

Presently before the Court is the Defendants' Motion to Dismiss.  Doc. 19, Defs.' Mot. to Dismiss.  Mr. Williams Bey filed a brief in opposition to Defendants' motion.  Doc. 24.  Defendants elected not to file a Reply Brief.  Also pending before the Court is a motion for preliminary injunction seeking the same relief requested in the Complaint.  Mr. Williams Bey did not file a brief in support of the motion as required by PA M.D. Local Rule 7.5.[1]  Defendants did not respond to Plaintiff's motion.  For the reasons that follow, both motions will be denied.

## II.    Standard of Review

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)(citing *Pension Benefit Guar. Corp. v. White Consol. Indust.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  We "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Byers v. Intuit, Inc.,* 600 F.3d 286, 291 (3d Cir. 2010) (quoted case omitted).

---

[1] Local Rule 7.5 ("Submission of Briefs Supporting Motions") provides that: "Within fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion ... If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn."

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal,* 556 U.S. 662, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957)). To survive a motion to dismiss, a complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974. If a party does not "nudge [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.*

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003). Pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

**III.     Allegations of the Complaint.**

On January 5, 2010, Mr. Vivian, the AOD Manager at SCI-Coal Township, erroneously defined the residential drug and alcohol program offered at the facility as non-denominational and non-religious program.  Doc. 1, Compl. at p. 2.²  About a week later, Mr. Williams Bey told Ms. Chismar, that SCI-Coal Township's drug and alcohol program was religious and denominational in nature.  *Id*. at p. 4.   On January 15, 2010, Plaintiff wrote to Ms. Pyar, SCI-Coal Township's Parole Agent, and gave her copies of the request slips he sent to Ms. Chismar and Mr. Vivian.  Ms. Pyar responded to his request on January 21, 2010, with a single word — "reviewed".  On February 2, 2010, Ms. Chismar provide Plaintiff with an unsatisfactory response to his request.  Plaintiff then sent her a second request.  She responded on February 8, 2010, by stating, "Comply with this religious denominational program or not."  *Id*.

On February 11, 2010, Mr. Williams Bey filed a grievance on the issue which was forwarded to Maj. Miller for response.  Maj. Miller's response was "boilerplate" and stated that "[s]taff is only following current established procedures, therefore, your grievance is denied."  *Id*.  Plaintiff appealed this decision to Superintendent Varano who denied the appeal.  He noted that:

> a) "While your grievance surrounds your religious beliefs
> and the inability for you to participate in the TC
> programming, this issue and the reasons you provide at
> this time as to why you cannot participate are not

---

² Unless otherwise noted, all citations to the record reflect the docket number and page number assigned by the Electronic Case Filing system (ECF) rather than the page number of the original document.

> recognized." b) "Inmates of all faith groups are expected
> to participate in TC programming at this facility." "While
> you can individually elect not to participate, you must
> keep in mind that your actions may affect you being
> paroled when that opportunity presents itself."

*Id*. at p. 4. Mr. Williams Bey appealed his grievance to final review. On April 20, 2010, Chief Grievance Officer Dorina Varner denied his appeal at final review without addressing the issue of the religious nature of the TC program. *Id*. Jeffrey Beard was the Secretary of the DOC during this time. *Id*. at p. 2.

On July 2, 2010, the PBPP denied Mr. Williams Bey's request for parole. Plaintiff was advised that at his next parole review the PBPP would consider "whether [he] [had] successfully completed a treatment program for substance abuse therapeutic community." *Id*. Catherine McVey is sued in her official capacity as she "is responsible for the decision of the staff of the" PBPP. *Id*.

Mr. Williams Bey alleges that the DOH funds the DOC's Therapeutic Community (TC) Program. He states that the DOC operates its TC Programs without obtaining a license from the DOH in violation of 28 Pa. Code § 709.2, without hiring clinical supervisors and counselors with the required qualifications listed in 28 Pa. Code §§ 704.6-704.7, and without maintaining the appropriate ratio for inmates participating in the TC program as set forth in 28 Pa. Code 704.12(3). *Id*. at p. 5.

As relief Mr. Williams Bey seeks injunctive relief in the form removing the requirement that he participate in a TC program from his prescriptive programming and parole eligibility requirements. *Id*. at p. 6. He also seeks monetary damages for

each day he spends in confinement past his original parole eligibility date, July 2, 2010. *Id*. at p. 7.

### IV.     Discussion

####     A.     Defendants' Motion to Dismiss.

The Establishment Clause provides that "Congress shall make no law respecting an establishment of religion ..." U.S. Const. amend I.  It applies to state governments through the Fourteenth Amendment. *Kerry v. Farrey*, 95 F.3d 472, 479-80 (7th Cir. 1996).  "[T]he Constitution guarantees that government may not coerce anyone to support or participate in religion or its exercise, or otherwise act in a way which 'establishes a [state] religion or religious fath, or tends to so do." *Lee v. Weisman*, 505 U.S. 577, 587, 112 S.Ct. 2649, 2655, 120 L.Ed.2d 467 (1992)(quoting *Lynch v. Donnelly*, 465 U.S. 668, 678, 104 S.Ct. 1355, 1361, 79 L.Ed.604 (1984)); *Bobko v. Lavan*, 157 F. App'x 516, 518 (3d Cir. 2005)("The government violates the First Amendment's Establishment Clause when it requires a prisoner to participate in a drug or alcohol rehabilitation with a religious component.").  A state correctional institution may not require an inmate, upon pain of suffering adverse effects for parole eligibility, to attend a substance abuse counseling program with explicit religious content. *Kerr, supra.*

Liberally construing the allegations of the *pro se* Complaint, Mr. Williams Bey alleges that Defendants are forcing him to attend a treatment program that violates his religious beliefs in order to obtain a favorable parole recommendation, or parole

-6-

itself. Based on the above, in the context of a motion to dismiss, Mr. Williams Bey's allegations are sufficient to state a First Amendment free exercise of religion claim, and such claim should be allowed to proceed at this juncture. Accordingly, Defendants' request for dismissal of Mr. Williams Bey's First Amendment Claim for failure to state a claim will be denied.

### B.   Motion for Injunctive Relief.

Mr. Williams Bey has filed a motion for injunctive relief seeking the same relief as set forth in his Complaint. *See* Doc. 30. His motion was filed on November 16, 2011, just eight (8) days following his "unscheduled" parole hearing where he was "informed that he will NEVER receive parole until or unless he enrolls in the therapeutic drug program." *Id*. at p. 2.

A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. *Acierno v. New Castle Cnty.*, 40 F.3d 645, 647 (3d Cir. 1994). "A preliminary injunction is an extraordinary remedy that is never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22, 129 S.Ct. 365, 376, 172 L.Ed.2d 249 (2008)*; Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir.2004). In order to obtain preliminary injunctive relief pursuant to Fed.R.Civ.P. 65, the requesting party must show: (1) a likelihood of success on the merits; (2) irreparable harm resulting from the denial of relief; (3) granting the injunction will not result in irreparable harm to the non-moving party; and (4) granting the injunction is in the

public interest. *American Exp. Travel Related Services, Inc. v. Sidamon-Eristoff*, 669 F.3d 359, 366 (3d Cir. 2012).

Initially, we note that the motion will be denied based on Plaintiff's failure to file a supporting brief as required by Local Rule 7.5. Alternatively, there is no constitutional right to parole. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Mr. Williams Bey does not suggest that he was denied parole in 2010 or 2011 strictly on the basis of his failure to participate in the allegedly religiously based TC Program, or conversely, that if he had completed the TC program, or an acceptable equivalent, he would have been granted parole on either occassion. Accordingly, the motion will be denied.

An appropriate order follows.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**

**Date: April 4, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES WILLIAMS BEY,** | : |
| **Plaintiff** | : |
| | : **CIVIL NO. 3:CV-10-2597** |
| **v.** | : |
| | : **(Judge Caputo)** |
| **PENNSYLVANIA BOARD OF** | : |
| **PROBATION AND PAROLE,** *et al.*, | : |
| **Defendants** | : |

# O R D E R

**AND NOW,** this __4th__ day of **APRIL, 2012,** for the reasons set forth in the accompanying Memorandum, it is ordered that:

1. The Defendants' Motion to Dismiss (Doc. 19) is **DENIED**.

2. The Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 30) is **DENIED**.

3. Defendants are granted twenty-one (21) days from the date of this Order to file an Answer to the Complaint.

                                                  **/s/ A. Richard Caputo**
                                                  **A. RICHARD CAPUTO**
                                                  **United States District Judge**