**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

CHARLES WILLIAMS BEY,

    Plaintiff,

    v.

PENNSYLVANIA BOARD OF
PROBATION AND PAROLE, *et. al.*,

    Defendants.

CIVIL ACTION NO. 3:CV-10-2597

(JUDGE CAPUTO)

(MAGISTRATE JUDGE MEHALCHICK)

## **MEMORANDUM ORDER**

Before me is Plaintiff Charles Williams Bey's ("Mr. Bey") Objections (Doc. 103) to Magistrate Judge Karoline Mehalchick's Report and Recommendation ("R and R") (Doc. 98) regarding his *pro se* Complaint that seeks declaratory and injunctive relief and compensatory damages pursuant to 42 U.S.C. § 1983 (Doc. 1). Mr. Bey alleges his rights were violated by the commissioner and employees[1] of the Pennsylvania Department of Corrections ("DOC"); by the Pennsylvania Board of Probation and Parole ("PBPP"), as well as by its chairperson, Catherine McVey; and by the Pennsylvania Department of Health, Office of Drug and Alcohol Programs ("DOH") (collectively "Defendants"). Mr. Bey claims violations of his First and Fourteenth Amendment rights; violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42, U.S.C. § 2000 *et seq.*; and various state law claims. Mr. Bey filed a motion for summary judgment. (Doc. 60) Defendants also filed a motion for summary judgment. (Doc. 67)

The matter was referred to Magistrate Judge Mehalchick and she recommends the

---

[1] Mr. Bey names the following employees of the DOC as defendants: Linda Chismar, Corrections Classification and Program Manager at State Correctional Institution at Coal Township ("SCI-Coal Township") (Doc. 69-2, 2 ¶ 1.); Michael Vivian, Drug and Alcohol Treatment Specialists Supervisor (Doc. 69-3, 2 ¶ 1.); Dorina Varner, Chief Grievance Officer at the Pennsylvania DOC; David Varano, Superintendent at State SCI-Coal Township; Mike Miller, Major of Unit Management as SCI Coal-Township; and Ms. Pyar, Parole Agent at SCI-Coal Township. (Doc. 1.) Mr. Bey also names DOC Commissioner of Corrections, Jeffrey Beard. (*Id.*)

following: that Mr. Bey's motion for summary judgment be denied; that Defendants' motion for summary judgment be granted in part and denied in part; that Defendants' motion for summary judgment be denied without prejudice as it pertains to Mr. Bey's First Amendment Establishment claims against Defendants Linda Chismar and Michael Vivian; and that the Clerk's office be directed to terminate the remaining named Defendants from the case . (Doc. 98, 24.) Mr. Bey objects to Magistrate Judge Mehalchick's recommendations. (Doc. 103.) After *de novo* review, I will adopt the reasoning of Magistrate Judge Mehalchick and will adopt the R & R in its entirety. Mr. Bey's objections will be overruled. I will not reiterate Magistrate Judge Mehalchick's factual findings and legal conclusions herein unless necessary.

## I.     Legal Standard- Objections to Report and Recommendation

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)).  However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) (emphasis added).  In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Goney*, 749 F.2d at 7.  At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

**II.     Discussion**

The facts are set forth fully in Magistrate Judge Mehalchick's R& R and will not be repeated herein.

Mr. Bey raises several objections to Magistrate Judge Mehalchick's R & R. However, I will consider only those objections that specifically challenge the factual findings and legal conclusions of the R & R.[2]

First, Mr. Bey objects to the R & R's use of the word "recommend" when referring to an inmate's participation in a drug and alcohol treatment program, or a therapeutic community. (Doc. 103, 3-4.) Mr. Bey contends that the word "coercion" should be used and that he was subjected to a contract of adhesion with the DOC when "forced to participate in a treatment program that was not a "stipulation of the sentencing court." (*Id.* at 4.) Mr. Bey further contends that failure to participate in the program is the equivalent of punishment because parole is not granted until completion. (*Id.*) However, as I have previously ruled, there is no constitutional right to parole (*See* Doc. 37, 8); Mr. Bey himself states he had a choice, albeit a "take-it-or-leave it proposition", but a choice to participate or not; and Mr. Bey has not stated a claim regarding any purported contract. I find no merit to this objection and it will be overruled.

Mr. Bey objects to characterization of the treatment program as non-religious, stating that there are references to religious elements throughout the therapeutic community program. (Doc. 103, 5-6.) He also argues that he was never offered an alternative secular program, despite Defendants' assertion that he was. (*Id.*) I will adopt the recommendation of Magistrate Judge Mehalchick regarding Mr. Bey's Establishment claims against Defendants Vivian and Chismar and therefore, will not address this objection further. Mr. Bey's claim will be allowed to proceed and will be remanded to Magistrate Judge

---

[2] Mr. Bey's first two objections do not address substantive issues, but rather serve to express his dissatisfaction, and therefore, will be overruled.

3

Mehalchick for further proceedings.[3]

Mr. Bey objects to the recommendation that the PBPP, DOH, and certain individual defendants be terminated from the action. (Doc. 103, 6-15.) As the PBPP and DOH can not be sued by Mr. Bey pursuant to Section 1983, those defendants will be terminated. *See Harper v. Jeffries*, 808 F.2d 281, 284 n. 4 (3d Cir. 1986) (citing *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978) (*per curiam* )) ("action. . . against the Parole Board is barred by the eleventh amendment."); *Brown v. Pennsylvania State Dep't of Health*, No. CIVA 1:05CV2448, 2006 WL 1620218, at *1 (M.D. Pa. June 5, 2006) (citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1983)) ("the Department of Health is an arm of the Commonwealth of Pennsylvania, *see* 71 Pa. Stat. Ann.. § 61, and is therefore immune from suit by the Eleventh Amendment"). Mr. Bey also objects to the recommendation that the individual defendants be terminated from the action. (Doc. 103, 8-10, 113-115.) However, after *de novo* review of the alleged actions by the Defendants McVey, Beard, Varano, Pyar, Varner and Miller, Mr. Bey fails to allege personal involvement sufficient for liability under his Section 1983 claims. I will adopt Magistrate Judge Mehalchick's legal reasoning and recommendation and direct the Clerk of Courts to terminate these Defendants from this action.

Mr. Bey next objects to Magistrate Judge Mehalchick's recommendation that further dispositive motions be permitted.   (Doc. 103, 13; 15.) Mr. Bey's expresses his dissatisfaction by referencing Magistrate Judge Mehalchick's suggestions for the parties regarding any further motions. (*Id.* at 15 n. 8.) However, I will overrule this objection and permit the filing of further dispositive motions, especially in light of the fact that Magistrate Judge Mehalchick provided Mr. Bey with constructive advice with regard to further motions.

With regard to Magistrate Judge Mehalchick's recommendation that summary judgment be granted to Defendants on Mr. Bey's Free Exercise claims, Mr. Bey puts forth

---

[3] To that end, Mr. Bey's objection to the recommendation that the matter be remanded to Magistrate Judge Mehalchick for further proceedings is similarly overruled. *See* 28 U.S.C. 636.

several objections. Mr. Bey contends that the defendants have not put forth a "'penological interest' that would just justify their meddling in the belief system of Plaintiff," (Doc. 103, 5; 15.) and that the four *Turner* factors are not met (*Id.* at 15-16.). (*See* Doc. 98, 15-20. (citing *Turner v. Safley*, 482 U.S. 78, 89-90 (1987)). Mr. Bey reiterates that he was never offered an alternative program (Doc. 103, 15.) and objects to Magistrate Judge Mehalchick's determination that creating a separate program for Moorish American inmates would come at more than a *de minimus* cost. (*Id.* at 16.)

I will adopt Magistrate Judge Mehalchick's recommendation regarding Mr. Bey's Free Exercise Clause claim. The record demonstrates that inmates who participate in the therapeutic community program are to be provided with alternative non-secular materials.(*See* Doc. 69-2, Declaration of Defendant Chismar; Doc. 69-3, Declaration of Michael Vivian; Doc. 69-4, 101.) Mr. Bey contends that he was never offered an alternative, however, Mr. Bey requested that he be released from participation in any therapeutic community program. (Doc. 62, 2.) Mr. Bey refused to participate in the program entirely, (Doc. 69-3, 10.) and was therefore not offered the alternative material. There appears to be no dispute that he was not offered an entirely different program separate and apart from participation in the therapeutic community, however, Magistrate Judge Mehalchick's careful consideration of the third and fourth *Turner* factors demonstrate that providing Mr. Bey an exemption from the recommendation or creation of an entirely different program would come at a significant cost to the correctional facility. The balance of the *Turner* factors favors Defendants and therefore, their motion for summary judgment will be granted.

Mr. Bey's contention that Defendants are lying when they assert that alternatives were available (Doc. 103, 14.) does not properly take into context the factual assertions of the defendants. (*See* Doc. 69-2, Declaration of Defendant Chismar; Doc. 69-3, Declaration of Michael Vivian; Doc. 69-4, 101.) The Defendants or Magistrate Judge Mehalchick do not assert that an entirely alternative program was offered at SCI Coal-Township. Mr. Bey's objection will be overruled.

Turning to Mr. Bey's objection to Magistrate Judge Mehalchick's recommendation

5

that summary judgment be granted to Defendants on Mr. Bey's RLUIPA claims, Mr. Bey argues that "all of the named defendants have placed a 'substantial burden' on Plaintiff's religious exercise." (Doc. 103, 8.) He also argues that because he was never offered an alternative to the therapeutic community, he would have been forced to violate his religious rights. (Doc. 103, 17.) I agree with Magistrate Judge Mehalchick and adopt her legal reasoning, that even assuming that participation in the therapeutic community places a substantial burden on the exercise of Mr. Bey's religion, Mr. Bey's requested accommodation, to be released from the recommendation to participate in a therapeutic community, is excessive and no less restrictive alternative program can be offered in light of cost and resource limitations of the correctional facility. (*See* Doc. 98, 21-23 (citing *Cutter v. Wilkinson*, 544 U.S. 709, 723-726 (2005).)  The recommendation will be adopted, Mr. Bey's objection will be overruled and Defendants' motion for summary judgment will be granted on Mr. Bey's RLUIPA claims

Mr. Bey also objects to Magistrate Judge Mehalchick's recommendation regarding his Pennsylvania state law claims on the basis that he contends those employed as counselors at SCI-Coal Township must be licensed. (Doc. 103, 17-18.) However, Mr. Bey fails to counter Magistrate Judge Mehalchick's legal conclusion that there is no private right of action under Pennsylvania law to enforce DOH regulations and that Pennsylvania and its officials are immune from suit pursuant to the Eleventh Amendment. (Doc. 98, 23-24.) Therefore, I will overrule Mr. Bey's objection, adopt Magistrate Judge Mehalchick's legal reasoning and recommendation and grant Defendants' motion for summary judgment on Mr. Bey's Pennsylvania state law claims.

Mr. Bey's final objection alleges that the courts and Defendants fail to address his claim that "Defendants have no jurisdiction to detain him illegally. (Doc. 103, 18.) However, persons in custody pursuant to the judgment of a state court seeking federal relief from their conviction must file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action was not filed pursuant to 28 U.S.C. § 2254, therefore, Mr. Bey's objection is overruled.

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Magistrate Judge Mehalchick's Report and Recommendation (Doc. 98 ) is **ADOPTED**.

(2) Charles Williams Bey's Objections (Doc. 103 ) are **OVERRULED;**

(3) Defendants' Motion for Summary Judgment (Doc. 67) is **GRANTED in part** and **DENIED in part;**

   (a) Defendants' motion for summary judgment on Charles Williams Bey's Establishment Clause claims against Defendants Linda Chismar and Michael Vivian is **DENIED;**

   (b) Defendants' motion for summary judgment on Charles Williams Bey's remaining claims is **GRANTED;**

(4) Charles Williams Bey's Motion for Summary Judgment (Doc. 60) is **DENIED;**

(5) The Clerk of Court is directed to terminate the following Defendants: Dorina Varner; David Varano; Mike Miller; Ms. Pyar; Jeffrey Beard; Catherine McVey; the Pennsylvania Board of Probation and Parole**;** and the Pennsylvania Department of Health, Drug and Alcohol Programs;

(6) The matter is remanded to Magistrate Judge Mehalchick for further proceedings and the parties are permitted leave to file additional dispositive motions as recommended by Magistrate Judge Mehalchick.

March 29, 2016  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge